# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**In Re**:     Leyah Elaine Jefferson

                                    Debtor(s)

_____/

Chapter 13
Case No. 18-53757
Judge:  Mark A. Randon

## <u>AMENDED Debtor's Chapter 13 Confirmation Hearing Certificate</u>

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. _X_ Request confirmation of the debtor's plan, even though all timely objections have not been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.  The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts.  The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

**Trustee Objections:**
1. Trustee requests that debtor clarify in any Order Confirming Plan that the escrow shortage owed to US Bank will be paid directly by the debtor.
2. The Trustee objects to Line 16 of the Means Test Form 122C-2 as the amount exceeds debtor's actual expense and affects the disposable income determination.
3. The Trustee objects to debtor's deduction on Line 41 of the Means Test Form 122C-2 as the amount may include voluntary 401k/retirement contributions contrary to the dicta in Seafort v. Burden, 669 F.3d 662, 674, fn.7 (6th Cir. 2012). See also In re Reyes, Case no. 15-45618-PJS at Dkt #34 (Chief Judge Shefferly's ruling from the bench sustaining Trustee's objections to voluntary 401k contributions relying on Seafort); In re Rogers, Case no. 12-32558-DOF, Opinion at Dkt #59 (Judge Opperman's decision relying on Seafort, concluding "that the Debtors cannot exclude their voluntary post-petition retirement contributions in any amount for the purposes of calculating their disposable income.") and/or exceeds the amounts

required to repay loans divided by 60 and affects the disposable income determination. See Seafort v. Burden, 669 F.3d 662 (6th Cir. 2012). Trustee requests documentation regarding the payoff amount and dates for debtor's(s') 401(k) loans. Upon the completion of direct payments to the 401(k) loan repayment, the debtor will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments.

4. Trustee objects to debtor's deduction on Line 43 as debtor has failed to establish special circumstances to justify adjustments to the Means Test Form 122C-1 and/or 122C-2 as required by 11 U.S.C. § 707(b)(2)(B) and requires documentation of same.

5. Trustee requests 100% of the profit sharing/bonus checks to which debtor becomes entitled.

**Issues:**

1. Debtor will provide necessary language in the OCP regarding direct payments of the projected escrow shortage.

2. Debtor's income taxes withheld during means testing period are higher than the amount listed in line 16 of Form 122C-2. Debtor will submit these stubs to the Trustee for verification.

3. Debtor will provide in the Order Confirming Plan for an increase in best efforts when the 401k loan is paid in full.

4. Debtor has provided the 06/27/2018 pay stub to the Trustee showing the bonus received.

5. Debtor will provide in the Order Confirming Plan that he/she will commit all funds received from profit sharing/bonus during the life of the plan.

**Creditor # 1: Fifth Third Bank**

Objections:    Creditor objects to value of home listed and priority of liens.

Issues:    Debtor will treat claim as secured in the OCP.

**Creditor # 2:**    Objections:    Issues:

3. ___ Request an adjournment of the confirmation hearing to _____, due to the following good cause:

4. ___ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 10 days.]

5. ___ Convert the case to chapter 7.  [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice.  Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Dated this Wednesday, January 09, 2019.

_/s/ Brian P. Dunne P-71177_
Brian P. Dunne P-71177
Ardelean & Dunne, PLLC
Attorneys for Debtor(s)
29777 Telegraph Road, Suite 1630
Southfield, MI 48034
Phone: (248) 557-7488
Email: edmi@arddun.com
